ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN 10  PM 4: 49

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| NANISHA NICOLE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-38 |
| ) | |
| CORPORAL R. KIMBLE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to dismiss the instant § 1983 complaint based on plaintiff's failure to respond to discovery requests or comply with the Court's order compelling plaintiff to respond to defendant's discovery requests. Doc. 13. Plaintiff has not responded to the motion, and it is therefore deemed unopposed. See Local Rule 7.5 ("Failure to respond shall indicate that there is no opposition to a motion."). For the reasons that follow, defendant's motion should be GRANTED and plaintiff's complaint should be DISMISSED.

Plaintiff is a pro se litigant. On August 4, 2006, defendant served plaintiff with first interrogatories and a first request for production of documents. Plaintiff had thirty days in which to respond to these discovery

requests, pursuant to Federal Rules of Civil Procedure 33(b)(3) and 34(b). When plaintiff failed to respond to discovery, defendant filed a motion to compel. Doc. 11. On October 27, 2006, the Court granted defendant's motion to compel and ordered plaintiff to provide full and complete responses to defendant's discovery requests within ten days of the order. Doc. 12. Plaintiff has never complied with the Court's October 27th order or offered any explanation for her failure to do so.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may order dismissal of an action upon a defendant's motion when a plaintiff has failed to comply with the rules or an order of the court. Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "fail[ed] to permit or provide discovery within the time set forth in an order compelling discovery" or has "willful[ly] disobe[yed] . . . any order of the Court." L.R. 41.1(a), (b).

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It follows that "[i]f a pro se litigant ignores a discovery order, he is and should be subject to

2

sanctions like any other litigant." Id. Plaintiff has made no attempt to comply with this Court's order compelling her to respond to defendant's legitimate discovery requests. Further, after defendant filed his motion to dismiss, plaintiff offered no response explaining her failure to comply with an order of this Court or submit to discovery. Plaintiff's abuse of the discovery process and willful disregard of an order of this Court warrant a dismissal of plaintiff's action under Rule 41(b). No lesser sanction short of dismissal appears appropriate given plaintiff's failure to provide basic discovery or show any interest in prosecuting this action. Mingo v. Sugar Cane Growers, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1534 (11th Cir. 1985).

**SO REPORTED AND RECOMMENDED** this  10th  day of **January, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA